NELLIE PUSHCART, ADMINISTRATRIX OF JACOB PUSH-
CART, PLAINTIFF, v. NEW YORK SHIPBUILDING COM-
PANY, DEFENDANT.

Submitted July 2, 1914—Decided November 5, 1914.

Under section 183 of the Practice act (*Comp. Stat., p.* 4108) and rule 128 of the Supreme Court, death of the plaintiff, after judgment, and grant of letters of administration, may be entered on the record without an order of the court, and execution may then issue in the name of the administrator without the revival of the judgment by *scire facias.*

On rule to set aside judgment and execution.

Before Justices SWAYZE, PARKER and KALISCH.

For the rule, *Gaskill & Gaskill.*

Opposed, *Wescott & Weaver.*

The opinion of the court was delivered by

SWAYZE, J. A slight examination of the statute and rules by counsel might have spared us this argument. Judgment *nisi* in favor of Jacob Pushcart was entered June 4th, 1912. A rule to show cause was allowed and undecided when he died December 17th, 1913. The rule was subsequently discharged, and judgment final was entered February 26th, 1914. Thereafter the administratrix was substituted as plaintiff, and an execution issued in her name.

Rule 128 provides for the entry of judgment final *nunc pro tunc.* This rule was adopted after the decision in *Erie Railway Co.* v. *Ackerson,* 33 *N. J. L.* 33, and made what was formerly left to the discretion of the court, a right of the party. *McNamara* v. *New York, Lake Erie and Western Railroad Co.,* 56 *Id.* 56, 59. Thereupon, under section 183 of the Practice act (*Comp. Stat., p.* 4108), it was proper to order that the death and the grant of letters of administration be entered on the record, whereupon execution might properly issue in the name of the administrator without the judgment being revived by *scire facias.* Counsel refers us to *Morgan* v. *Taylor,* 38 *N. J. L.* 317, but has failed to observe that section 183 of the Practice act was passed after the execution in that case was issued, probably to obviate the very difficulty that there arose. The opinion refers to this fact at page 319. The section first appears in the Revised Practice act of March 27th, 1874 (*Rev.. p.* 879, § 204).

Counsel argues that the action abated. Section 10 of the Abatement act (*Comp. Stat., p.* 7) is applicable, and the fact that more than two terms have elapsed is not important under the circumstances of this case. *Teneick* v. *Flagg,* 29 *N. J. L.* 25.

Moreover, the case is within section 3 of the Abatement act. Counsel argues that that section is inapplicable because the action could not be originally prosecuted or maintained by the administrator. This argument overlooks the provisions of section 4 of the Executors and Administrators act, which gives executors and administrators an action for any trespass done to the person or property, real or personal, of the testator or intestate. *Comp. Stat., p. 2260.* By the settled construction of this act, trespass means tort. *Ten Eyck* v. *Runk,* 31 *N. J. L.* 428 ; *Noice, Administratrix,* v. *Brown,* 39 *Id.* 569. These cases have the approval of the Court of Errors and Appeals. *Cooper* v. *Shore Electric Co.,* 63 *Id.* 558.

In any aspect of the case, no error is shown in the entry of the judgment or issue of execution, and the present rule must be discharged, with costs.